## EL PUEBLO *v.* MUÑOZ.

APELACIÓN procedente de la Corte de Distrito de

Arecibo.

No. 81. Resuelto en diciembre 12, 1905.

APELACIÓN.—SENTENCIA.—Para que el acusado pueda solicitar la revocación de

la sentencia, bajo el fundamento de que ésta fué dictada sin que el tribunal diera cumplimiento á las disposiciones del art. 318 del Código de Enjuiciamiento Criminal, es necesario que tal omisión aparezca *justificada* por las constancias de autos, pues en su defecto se presumirá que los procedimientos de la corte inferior tuvieron lugar con arreglo á derecho.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El apelante en la presente causa, alega que la sentencia dictada contra él, es ilegal, porque no se halla ajustada á las disposiciones de la Sección 318 del Código de Enjuiciamiento Criminal.

El Tribunal de Distrito de Arecibo, dictó la siguiente sentencia:

"*El Pueblo de Puerto Rico* v. *Miguel Muñoz Santana.*—Delito electoral..—Hoy día 6 de mayo de 1905, comparece el convicto Miguel Muñoz Santana, para oir la lectura de su sentencia; preguntado si tiene algunas razones que exponer, para impedir que la misma sea pronunciada, y no habiendo expresado razones bastantes para obstaculizarla, se pronunció por la Corte la siguiente sentencia en contra de él. En vista del fallo de convicción dictado en contra de dicho acusado, por esta Corte, el día 26 del próximo pasado abril, la Corte debe condenar y condena al convicto Miguel Muñoz Santana, á la pena de un año de prisión en el Presidio Departamental de la Isla, con trabajos forzados, y á pagar las costas de esta causa, por el delito contra el derecho electoral, y la Corte además ordena que sea llevado dicho Miguel Muñoz Santana, de esta Corte de Justicia al Presidio Departamental de San Juan, y sea entregado al Jefe de dicha Institución, con una copia de esta sentencia, para que allí sea confinado Miguel Muñoz, por el período de un año, con trabajos forzados, y las costas."

Se ve, pues, que el principal objeto de la ley, ó sea el de dar al acusado una oportunidad de ser finalmente oído, antes de que se dicte sentencia contra él, ha sido realizado. Es verdad que no consta claramente que se le hayan leído la acusación ó la defensa ó el veredicto; pero no hay nada,

en los autos que demuestre lo contrario, y nosotros debemos presumir, que, al dirigirse al acusado la pregunta indicada en la sentencia que precede, se han llenado las formalidades preliminares prescritas por la ley. Este Tribunal ha adoptado un principio análogo en las causas de *El Pueblo de Puerto Rico* contra *Tomás Agrait,* fallada por este tribunal el 5 de diciembre de 1905; *El Pueblo de Puerto Rico* contra *Manuel Armaiz,* y *El Pueblo de Puerto Rico* contra *Miguel Muñoz Santana* y *Ramón Muñiz Martínez,* falladas también en la fecha anteriormente citada. Se ha llamado nuestra atención sobre la causa de *El Pueblo de Puerto Rico* contra *Manuel Lizardi,* en cuya causa este tribunal revocó la sentencia del Tribunal de Distrito de Humacao, por no haber cumplido dicho tribunal con las disposiciones de la Sección 318. Pero en aquella causa se declaró expresamente que los autos demostraron suficientemente la omisión, por parte del tribunal, de cumplir con las disposiciones de la citada sección.

Puesto que se ha dirigido al apelante, la pregunta que exige la ley, debía haberse hecho constar positivamente, en el presente caso, que el tribunal inferior, en algún extremo, dejó de cumplir con las disposiciones de la ley.

No habiéndose presentado pliego de excepciones, ni exposición de hechos, y no apareciendo en los autos ningún error, debe confirmarse la sentencia dictada por el Tribunal de Distrito, de acuerdo con las numerosas decisiones últimamente pronunciadas por este tribunal.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.